## DOWNING v. MULCAHY et al.

### S. F. No. 786; March 4, 1899.

#### 56 Pac. 466.

**Money Received.**—In an Action for Money Received it is not essential to jurisdiction of the parties or of the subject of the action to allege where the cause of action accrued.

**Money Received.**—It is not Essential to a Complaint in an action for money received that it recite every detail out of which the cause of action arises, since, under Code of Civil Procedure, section 454, defendant can demand a bill of particulars, if the complaint is too general.

**Appeal—Weight of Evidence.**—The Appellate Court cannot decide on the weight of the evidence.

APPEAL from Superior Court, City and County of San Francisco.

Action by F. O. Downing, doing business as Downing & Co., against R. E. Mulcahy and E. De Kay Townsend, partners as Mulcahy, Townsend & Co. From a judgment for plaintiff, and an order denying defendants' motion for a new trial, they appeal. Affirmed.

Henry H. Davis for appellants; Mastick & Mastick for respondent.

CHIPMAN, C.—Action for money had and received by defendants, as brokers, for the use of plaintiffs. The cause was tried by the court without a jury, and plaintiff had judgment, from which, and from the order denying defendants' motion for a new trial, this appeal is taken.

1. Defendants demurred to the complaint on the grounds: (1) Insufficiency of facts; (2) want of jurisdiction of the subject matter of the action and of the parties; (3) for ambiguity and uncertainty. The objections on the last two grounds alone are insisted upon. Want of jurisdiction is claimed because "the complaint does not allege the place where the alleged cause of action accrued." The complaint is in the usual form for money had and received by defendants as brokers for plaintiffs between certain stated dates, and we think the pleading sufficient. It was not essential to

jurisdiction of the parties or the subject of the action to allege where the cause of action accrued. The alleged ambiguity is that the complaint is uncertain because it does not show at what place defendants received the money, nor for what it was paid, nor the kind of brokerage defendants were engaged in, nor the times when the payment was made, nor whether paid at one time or several times, nor where demand was made, nor where the debt became due, nor where the parties, plaintiff and defendants, were doing business. These facts were not essential to a good complaint for money had and received. Defendants could have had a bill of particulars and they demanded it: Code Civ. Proc., sec. 454.

2. It is claimed by appellants that "plaintiff failed to establish his case by a preponderance of evidence." Plaintiff testified to certain statements of account between the parties rendered by defendants to plaintiff from time to time and up to November 1, 1894, which showed a balance due plaintiff at that time of $3,883.40. He also testified to certain credits to which defendants were entitled, leaving an actual balance due plaintiff of $431.45, for which amount the court gave judgment. There is much evidence in the record explanatory of the nature of the brokerage business, out of which the cause of action arose, and the state of the account between the parties. At most this evidence may be said to show its preponderance to be against plaintiff's claim. But we cannot decide upon the weight or preponderance of the evidence. There was sufficient evidence to sustain the findings, and, as the findings sustain the judgment, we think the judgment and order should be affirmed and so advise.

We concur: Britt, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.